NUMBER 13-10-00611-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

MOSES E. WILCOX SR., M.D.,                                                    Appellant,

 

v.

 

MARIA G. MONTALVO, ET AL.,                                                  Appellees.


                                                                                                                             

 

On appeal from the 130th
District Court

of Matagorda County, Texas.

                                                                                                                             

 

DISSENTING MEMORANDUM
OPINION

 

Before Justices
Garza, Vela, and Perkes

Dissenting Memorandum
Opinion by Justice Garza

 

I respectfully dissent because I
believe Dr. Downing’s report was sufficient.  As the majority notes, to
constitute a “good faith” effort and survive a motion to dismiss under section
74.351(l), a medical expert report must (1) inform the defendant of the specific
conduct the plaintiff has called into question, and (2) provide a basis for the
trial court to conclude that the claims have merit.  Bowie Mem’l
Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); Am. Transitional Care
Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001).  Here, Dr.
Downing’s report provided more than enough information to satisfy both prongs
of this test.

The majority holds
that Dr. Downing’s report does not “articulate what specific negligent conduct
has been called into question,” but it does—it states that Garcia’s being
dropped to the floor was the conduct called into question.  The majority holds
that the report does not “specifically describe the standard of care for
transferring a disabled patient,” but it does—it states that the applicable
standard is to avoid dropping patients to the floor.  The majority holds that
the report does not state “what Dr. Wilcox and his staff did or failed to do”
that breached the standard of care, but it does—it states that Dr. Wilcox or
his staff breached the standard by dropping Garcia to the floor.  The majority
holds that the report does not state “what a reasonable and prudent physician
would have done in the same or similar circumstances,” but, again, it does—a
reasonable physician and staff would not have dropped an elderly, amputee
patient to the floor.

The Court is correct
that “[a]n expert must provide statements concerning the standard of care to
identify the care expected that was not given with such specificity that
inferences are not needed to discern them.”  See Granbury Minor Emergency
Clinic v. Thiel, 296 S.W.3d 261, 270 (Tex. App.–Fort Worth 2009, no pet.). 
But no inferences are necessary here to advise Dr. Wilcox of the conduct being
challenged, and no inferences are necessary to give the trial court a basis to
conclude that Montalvo’s claims have merit.  See Bowie Mem’l Hosp,
79 S.W.3d at 52.  It is simply common sense that a patient should not be
dropped while being transferred from place to place in a medical facility.

The majority appears
to be desirous of further “specifics” regarding the dropping of Garcia.  This
is apparently in reference to the Montalvos’ pleadings alleging that Dr. Wilcox
“allowed a hazardous condition to exist in his examining room, specifically
wires and cords stretched out across the floor . . . .”  However, it is well established
that an expert report need not “marshal all of a claimant’s proof.”  Palacios,
46 S.W.3d at 878.  Instead, it merely must include the expert’s opinion on each
of the elements identified in section 74.351—standard of care, breach, and
causation.  Id.; see Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon 2011).  The
expert report need not be as specific as a claimant’s pleadings in order to
qualify as a “good faith” effort.  See Bowie Mem’l Hosp,
79 S.W.3d at 52.  The mere fact that Dr. Downing’s report might have feasibly
been more specific is not a legitimate basis upon which to find that a report
is insufficient.[1]

For the foregoing
reasons, I would affirm the trial court’s denial of Dr. Wilcox’s motion to
dismiss.

 

DORI CONTRERAS GARZA

Justice

 

 

Delivered
and filed the 

14th
day of April, 2011.









[1]
I further disagree with the Court’s treatment of the Montalvos’ assertion that
Dr. Downing’s report “could not have been more specific” because Dr. Wilcox
“refused to respond to discovery and refused to appear for deposition. . . .” 
The Court finds the assertion to be “meritless in view of the statute’s near
moratorium on discovery until an expert report and curriculum vitae are
served.”  But as the Court recognizes, the statute’s “near moratorium” is not,
in fact, a bar on all discovery prior to service of an expert report.  Instead,
the statute authorizes pre-report discovery via requests for disclosure,
requests for production and inspection of documents and tangible things,
requests for entry onto property, interrogatories, and requests for admission.  See
Tex. Civ. Prac. & Rem. Code Ann. §
74.351(s)(1) (Vernon 2011) (permitting, prior to the service of an expert
report, “written discovery” as defined in Texas Rule of Civil Procedure 192.7);
Tex. R. Civ. P. 192.7.  Two
pre-report depositions by written questions are also permitted.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(s)(2), (u).

 

Additionally, while the Court concludes that “the
Montalvos may not rely upon the inability to depose Dr. Wilcox prior to filing
an expert report as a reason for producing a deficient report,” the Court does
not address the Montalvos’ assertion that Dr. Wilcox had “refused to respond”
to discovery requests.

 

That said, the proper remedy for the Montalvos, if Dr.
Wilcox did indeed refuse to respond to authorized discovery requests, was to
present that issue to the trial court, obtain a ruling, and, if necessary,
obtain an order sanctioning Dr. Wilcox.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.352(d) (Vernon
2011) (providing that failure to respond to standard interrogatories and
requests for production of documents and things “shall be grounds for
sanctions”); Tex. R. App. P.
33.1.  This procedure was not followed in this case.  Therefore, though I
disagree with the Court’s reasoning on this issue, I agree with the conclusion
that, here, the Montalvos may not use Dr. Wilcox’s alleged failure to provide
discovery to redeem an otherwise-insufficient report on appeal.